UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


EILEEN BLODGETT,                        No. 2:11-cv-02408-MCE-KJN

        Plaintiff,

    v.                                  <u>MEMORANDUM AND ORDER</u>

ALLSTATE INSURANCE COMPANY,

        Defendant.

----oo0oo----

Before the Court is Defendant's Motion to Dismiss and Motion to Strike ("MTD") (ECF No. 8).  Also before the Court is Defendant's Request for Judicial Notice ("RJN") (ECF No. 14). For the reasons that follow, the Motion to Dismiss and the Request for Judicial Notice are GRANTED.  The Motion to Strike is GRANTED in part and DENIED in part.


**BACKGROUND**


Plaintiff, Eileen Blodgett, brings suit against Defendant, Allstate Insurance Company ("Allstate"), for (1) breach of the duty of good faith and fair dealing, and (2) breach of contract.

1

(Complaint ("Compl."), ECF No. 1, at 1.)[1] Blodgett's claims arise from an automobile insurance policy that provides for payment of up to $250,000 in benefits if she was involved in a motor vehicle accident with another vehicle with either no insurance, or a vehicle insured with bodily injury limits less than Blodgett's $250,000 limit. (Id. at 2).

On June 26, 2006, Blodgett was involved in an automobile accident with Laura Massey. (Id.) Massey's insurance coverage was limited to $15,000 and Blodgett was paid $15,000 by Massey's insurer in May, 2008. (Id.)

In July, 2008, Blodgett alleges that she first notified Allstate of her intention to seek benefits under her policy. (Id.) She claims that in September, 2009, she provided Allstate with copies of her relevant medical records and attempted to proceed towards arbitration or mediation to resolve the matter. (Id. at 3.) Between September and December, 2009, Allstate conducted discovery and agreed to non-binding mediation of the matter. (Id.) When this mediation was unsuccessful, another mediation was held in April, 2010. (Id.) At that time, Blodgett alleges that she offered to settle her claim for $105,720.75, and that Allstate responded with an offer to resolve the claim for $7,500. (Id.)

///
///
///
///

---

[1] Unless otherwise noted, all factual background information is taken from the Complaint's factual allegations.

A binding arbitration hearing was then held on September 16, 2010. (Id.) During the course of the hearing, Allstate allegedly asserted that the gross value of Blodgett's claims were $7,500, and that she was entitled to no recovery because she had already collected $15,000 from Massey. (Id.) On November 2, 2010, Blodgett was awarded $104,110.25, equal to the total amount of her claimed damages ($119,110.25) minus the $15,000 paid by Massey's insurance. (Id.) Allstate paid the award on December 2, 2010. (Id.)

On September 12, 2011, Blodgett filed her Complaint in this Court. She first claims that Allstate breached a duty of good faith and fair dealing. (Id. at 4.) She alleges that Allstate unreasonably, and in bad faith, withheld payments that Allstate knew to be justified, and which were owed under the policy. (Id.) She further alleges that Allstate failed to undertake a reasonable investigation and misrepresented information in denying the claim (Id. at 4-5.) Blodgett says that this breach caused her damages in the form interest, delay, additional time, effort, expense and other consequential damages. (Id. at 5.) Additionally, Blodgett claims she suffered from unnecessary mental and emotional distress. (Id.) Finally, she claims that as a result of Allstate's bad faith conduct, she had to retain legal counsel, and therefore, Allstate is liable for attorney fees. (Id.) She also alleges that Allstate's conduct constitutes malice, oppression, or fraud under California Civil Code § 3294, and that she is therefore entitled to punitive damages. (Id.)

///

///

Blodgett's second claim is for breach of contract. (<u>Id.</u> at 6.) She claims that Allstate breached its contract by failing to pay her claim promptly and fairly, and by forcing her to participate in both mediation and binding arbitration procedures to obtain her benefits. (<u>Id.</u>)

Blodgett seeks consequential and punitive damages for the failure to promply pay her benefits. (<u>Id.</u> at 6.) She asks for compensation for costs associated with the late payment, her mental and emotional distress, and her legal fees. (<u>Id.</u> at 7.) She also requests punitive damages to punish or set an example of Allstate. (<u>Id.</u>)

Allstate moves to dismiss only Blodgett's breach of contract claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Allstate did not breach the insurance policy as a matter of law.[2] (MTD at 2.) Allstate also moves to strike language regarding specific dollar amounts discussed during the mediation from the Complaint pursuant to Rule 12(f) under California Evidence Code § 1119, and Federal Rule of Evidence Rule 408. (<u>Id.</u> at 5-6.)

## STANDARDS FOR MOTIONS TO DISMISS AND TO STRIKE

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

4

1  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.
2  1996).  Rule 8(a)(2) requires only "a short and plain statement
3  of the claim showing that the pleader is entitled to relief" in
4  order to "give the defendant fair notice of what the...claim is
5  and the grounds upon which it rests."  Bell Atl. Corp. v.
6  Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations and
7  quotations omitted).  Though "a complaint attacked by a
8  Rule 12(b)(6) motion to dismiss does not need detailed factual
9  allegations, a plaintiff's obligation to provide the 'grounds' of
10 his 'entitlement to relief' requires more than labels and
11 conclusions, and a formulaic recitation of the elements of a
12 cause of action will not do."  Id. at 1964-65 (internal citations
13 and quotations omitted).  A plaintiff's factual allegations must
14 be enough to raise a right to relief above the speculative level.
15 Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and
16 Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must
17 contain something more...than...a statement of facts that merely
18 creates a suspicion [of] a legally cognizable right of action")).
19      Moreover, "Rule 8(a)(2)...requires a 'showing,' rather than
20 a blanket assertion of entitlement to relief.  Without some
21 factual allegation in the complaint, it is hard to see how a
22 claimant could satisfy the requirements of providing not only
23 'fair notice' of the nature of the claim, but also 'grounds' on
24 which the claim rests."  Twombly, at 1965, n.3 (internal
25 citations omitted).  A pleading must contain "only enough facts
26 to state a claim to relief that is plausible on its face."  Id.
27 at 1960; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50
28 (2009).

If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Rule 15(a) empowers the court to freely grant leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Foman v. Davis, 371 U.S. 178, 182 (1962).  Leave to amend is generally denied when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

Rule 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Whether to grant a motion to strike is within the sound discretion of the district court. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993) rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517(1994). The Ninth Circuit has held that "'[d]istrict courts have inherent power to control their docket.'"

///

///

1  <u>Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.</u>, 146 F.3d 1071,

2  1074 (9th Cir. 1998) (alteration in original) (quoting <u>Hernandez</u>

3  <u>v. City of El Monte</u>, 138 F.3d 393, 398 (9th Cir. 1998)). However,

4  "[m]otions to strike are generally viewed with disfavor, and will

5  usually be denied unless the allegations in the pleading have no

6  possible relation to the controversy, and may cause prejudice to

7  one of the parties." <u>Campbell v. Pricewaterhouse Coopers, LLP</u>,

8  No. CIV. S-06-2376 LKK/GGH, 2007 WL 841694, *2 (E.D. Cal. Mar.

9  20, 2007).

10

11                             **ANALYSIS**

12

13       Allstate contends that the breach of contract claim should

14  be dismissed on the grounds that the contract was not breached as

15  a matter of law. (MTD at 2.) Allstate also moves to strike from

16  Blodgett's Complaint certain amounts that were alleged to have

17  been offered in settlement negotiations at one of the arbitration

18  hearings. (<u>Id.</u>) The Court finds that, as a matter of law,

19  Blodgett's complaint does not state a breach of contract claim

20  against Allstate. The Court also grants Allstate's motion to

21  strike, finding the challenged settlement amounts violate the

22  confidentiality of the proceedings and are otherwise

23  inadmissible.  Therefore, Allstate's Motion to Dismiss and Motion

24  to Strike will be granted.

25  ///

26  ///

27  ///

28  ///

1

2

**A.    Plaintiff failed to provide evidence of a breach of contract**

3

**1.    Parties' Contentions**

4

5

Allstate contends that Blodgett's breach of contract claim

6

should be dismissed on the grounds that Allstate paid Blodgett's

7

claim in full following mandatory mediation, and therefore did

8

not breach its contract. (Id. at 4.)  Allstate argues that the

9

California Insurance Code, as well as Blodgett's policy,

10

explicitly require arbitration of disputes regarding damage

11

amounts, and that Allstate had no contractual obligation to

12

Blodgett to make payments until arbitration was completed (Id. at

13

4-5) (citing Cal. Ins. Code § 11580.2(f)). Further, Allstate

14

argues that Blodgett must identify a contract provision Allstate

15

breached, but that she does not do so. (Id. at 4.)

16

Blodgett counters that Allstate breached a contract term by

17

failing to live up to its promise to "help[]...ensure

18

[Ms. Blodgett's] long term financial security." (Opp. ECF No. 12,

19

at 4; RJN, Ex. B at 48).[3]

20

21

   [3] Pursuant to Federal Rules of Evidence 201(b) (authorizing judicial notice of adjudicative facts 'capable of accurate and

22

ready determination by resort to sources whose accuracy cannot be reasonably questioned'), Allstate requests the Court take

23

judicial notice of two documents.  (RJN, ECF No. 14, Exs. A and B.)  Specifically, Allstate asks the Court to take judicial

24

notice of: (1) Blodgett's automobile policy (Ex. A); and (2) the Allstate renewal letter which Blodgett quotes in regard to the

25

alleged promise by Allstate to ensure her long-term financial security (Ex. B).  Allstate's requests are unopposed and are the

26

proper subject of judicial notice.  See, e.g., Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1040 (E.D. Cal.

27

2009); Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (court may take judicial notice of matters of public

28

(continued...)

She asserts that by delaying payment, Allstate harmed her financial security. (Opp. at 4.) Allstate counters that this statement is taken out of context, is not in the contract, and does not constitute a binding contractual promise. (Reply, ECF No. 13, at 3.) Specifically, Allstate asserts that the statement was made in a renewal letter that was not a part of the policy, and therefore, it cannot form the basis for a claim that Allstate breached the policy. (Id.)

### 2.  Analysis

#### (a)  Allstate Completed Its Contractual Obligation When It Paid the Claim Following Arbitration.

Allstate was obligated to pay claims due under the policy. See Hand v. Farmers Ins. Exchange, 23 Cal. App. 4th 1847, 1854 (1994). However, under the California Insurance Code, every automobile policy providing for underinsured motorist ("UIM") coverage must provide for binding arbitration of disputes regarding the amount of damages. State Farm Mut. Auto. Ins. Co. v. Superior Court, 23 Cal. App. 4th 1297, 1303 (1994).[4] Here, a dispute arose between Blodgett and Allstate regarding the amount of damages arising from Blodgett's UIM claim. (Compl. at 3.)

---

[3] (...continued) record). Accordingly, Allstate's Request for Judicial Notice, (ECF No. 14), is granted.

[4] "The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." Cal. Ins. Code § 11580.2(f).

Allstate and Blodgett then entered into mediation and she was ultimately awarded a judgment, which it is undisputed that Allstate promptly paid in full.

Therefore, Blodgett cannot show that Allstate breached the contract because it did not immediately pay her the amount she claimed and instead required the dispute to enter mediation. See Behnke v. State Farm General Ins. Co., 196 Cal. App. 4th 1443, 1468 (2011) (finding insured had no claim for contract damages because insurer paid all policy benefits insured was entitled to receive).

### (b)   Ensuring Blodgett's Financial Security Was Not A Term of the Contract.

The language Blodgett presents to support her claim that Allstate breached the contract by not living up to its promise to "[help] to ensure [her] long term financial security," is not a term of her contract.  The language cited is part of a letter inviting her to renew her insurance policy. (See RJN, Ex. B at 48.) Coverage clauses in insurance contracts are interpreted to protect the objectively reasonable expectations of the insured. AIU Ins. Co. v. Superior Court, 51 Cal. 3d 807, 822 (1990). Here, Blodgett had no objectively reasonable basis to believe that Allstate had contracted to ensure her long term financial security. See Camelot By the Bay Condo Owners Assn. v. Scottsdale Ins. Co., Cal. App. 4th 33, 52 (1994) (an insurer is "not a guardian angel," and "does not...insure the entire range of an insured's well-being, outside the scope of and unrelated to the insurance policy").

10

1    The letter clearly states that the terms of the agreement
2  are enclosed, and the letter itself does not purport to make any
3  changes to the policy. (RJN, Ex. B at 48.) Because the renewal
4  letter is not a part of the policy, it cannot form the basis for
5  a claim for breach of contract. Therefore, Plaintiff has failed
6  to state a claim on which relief may be granted, and the breach
7  of contract claim will be dismissed with leave to amend.

8

9         **B.    The settlement amount information raised during the
                mediation proceedings is barred by Federal Rule of
10               Evidence 408 and California Evidence Code § 1119, and
                is stricken from the Complaint pursuant to Rule 12(f).**

11             **1.    Parties' Contentions**

12

13    Allstate argues that the following language should be
14  stricken from Blodgett's Complaint:

15         On, or about, April 21, 2010, a mediation was held. At
         that time plaintiff offered to settle her claims for
16       payment of $105,720.75 by Allstate, which amount placed
         a value of $129,720.75 on Blodgett's claims and
17       permitted Allstate to take a $15,000 credit for the
         amount paid by Geico.

18

19  (Compl., Page 3, Lines 10-13.)  In addition, Allstate to strike
20  the following: "This amount is within $500 of what plaintiff
21  sought at mediation in April, 2010." (Compl., Page 3, Line 27.)
22  Allstate argues this language should be stricken because
23  California law categorically bars the use of statements made
24  during mediation, federal Rule 408 generally bars statements
25  during settlement negotiations from being admitted, and Rule
26  12(f) allows for statements barred by evidentiary rules to be
27  stricken from pleadings. (MTD at 2.)
28  ///

1    Blodgett argues that Rule 12(f) only permits courts to

2   strike matters from pleadings that are "redundant, immaterial,

3   impertinent, or scandalous." (Opp. at 4.) She also contends that

4   her use of statements from mediation should be allowed because

5   the underlying case has been resolved, and therefore she is only

6   using the statements to show that Allstate negotiated in bad

7   faith. (Opp. at 6) (citing <u>Athey v. Farmers</u>, 834 F.3d 357

8   (8th Cir. 2000) (permitting settlement negotiations offered as

9   evidence of bad faith claim in complaint).

10

11          **2.   Analysis**

12

13       Federal Rule of Evidence 408 provides as follows:

14       (a) Evidence of the following is not admissible on
         behalf of any party, when offered to prove liability
15       for, invalidity of, or amount of a claim that was
         disputed as to validity or amount, or to impeach
16       through a prior inconsistent statement or
         contradiction:
17       (2) conduct or statements made in compromise
         negotiations regarding the claim...

18

19   Moreover, California Evidence Code § 1119 provides as follows:

20       (a) No evidence of anything said or any admission made
         for the purpose of, in the course of, or pursuant to, a
21       mediation or a mediation consultation is admissible or
         subject to discovery, and disclosure of the evidence
22       shall not be compelled, in any arbitration,
         administrative adjudication, civil action, or other
23       noncriminal proceeding in which, pursuant to law,
         testimony can be compelled to be given.
24       (c) All communications, negotiations, or settlement
         discussions by and between participants in the course
25       of a mediation or a mediation consultation shall remain
         confidential.

26

27   ///

28   ///

The California Supreme Court has held that § 1119 admits of "no exceptions to the confidentiality of mediation communications." <u>Foxgate Homeowner's Ass'n, Inc. v. Bramalea California, Inc.</u>, 26 Cal. 4th 1, 4 (2001).

California Evidence Code § 1119, consistent with Rule 408, furthers the public policy in favor of maintaining the confidentiality of settlement of disputes by generally requiring confidentiality of compromise negotiations in order to encourage full and open dialogue between the parties. <u>See</u> <u>United States v. Contra Costa County Water Dist.</u>, 678 F.2d 90, 92 (9th Cir. 1982). The Ninth Circuit has observed that "the success of mediation depends largely on the willingness of the parties to freely disclose their intentions, desires, and the strengths and weaknesses of their case..." <u>In re County of Los Angeles</u>, 223 F.3d 990, 993 (9th Cir. 2000) (internal quotation and citation omitted).

Blodgett's argument that she is using the specific dollar amount information for her bad faith cause of action, which she claims is unrelated to the original mediation, is unpersuasive. The policy of encouraging compromise negotiations would be undermined just as much by admission of the settlement amount information in a "bad faith" claim as it would by admission in a dispute regarding the underlying issue.  Here, Blodgett has not demonstrated why the specific dollar amounts she allegedly offered during the course of settlement negotiations are necessary to bring her bad faith claims.

///

///

13

She may still allege Allstate offered less than she felt was due, and that Allstate delayed payment by taking the matter to arbitration, without referencing the specific dollar amounts she allegedly offered to settle her claims during the course of the arbitration hearing.

Under both Rule 408 and California Evidence Code § 1119, Blodgett's settlement amount evidence is generally prohibited and the Court finds no relevant exception applies to allow that information here. The amounts Blodgett allegedly offered were not binding on any party and are not pertinent. Therefore, under its inherent power, this Court strikes the challenged language, as it discloses confidential settlement negotiations raised during an arbitration hearing, from the pleadings. So, the Motion to Strike is granted as to the specific dollar amounts Blodgett allegedly offered to settle her claims for during the course of the mediation proceedings.

However, the Motion to Strike is denied insofar as it includes the following sentence, "On, or about, April 21, 2010, a mediation was held." (See MTS, ECF No. 8 at 2; Compl., at 3, Line 10.) The fact that a mediation was held on that date is not information protected by either Rule 408 or California Evidence Code § 1119 and is not otherwise properly subject to a motion to strike.

///

///

///

///

///

14

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED with leave to amend; the Motion to Strike (ECF No. 8) is GRANTED in part and DENIED in part; and the Request for Judicial Notice (ECF No. 14) is GRANTED.  Plaintiff shall file any amended complaint within thirty (30) calendar days of the date this Order is electronically filed.

IT IS SO ORDERED.

Dated: June 21, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

15