IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EILEEN BLODGETT,

    Plaintiff,                       No. 2:11-cv-02408 KJN

    v.

ALLSTATE INSURANCE CO.,

    Defendant.                    ORDER SETTING STATUS CONFERENCE
_____/

        On September 10, 2012, after all parties consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c) (dkt. nos. 6, 9, 11), the action was referred to the undersigned for all further proceedings and entry of final judgment.  (Dkt. No. 20.)  Plaintiff is currently proceeding with the operative first amended complaint (dkt. no. 17), to which defendant has filed an answer (dkt. no. 18).

        Pursuant to Fed. R. Civ. P. 16 and E.D. Cal. L.R. 240, IT IS HEREBY ORDERED that:

        1.  Within 28 days of this order, the parties shall meet and confer about the mandatory disclosures required by Fed. R. Civ. P. 26, if they have not already done so.

        2.  A status (pre-trial scheduling) conference is set for November 15, 2012, at 10:00 a.m., in courtroom No. 25 before the undersigned.  All parties shall appear by counsel or in

1

person if acting without counsel.

   3.  Not later than fourteen (14) days prior to the status conference, the parties shall file a joint status report briefly describing the case and addressing the following:

   a. Service of process;

   b. Possible joinder of additional parties;

   c. Any expected or desired amendment of the pleadings;

   d. Jurisdiction and venue;

   e. Anticipated motions and their scheduling;

   f. The report required by Fed. R. Civ. P. 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

   g. Future proceedings, including setting appropriate cut-off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

   h. Special procedures, if any;

   i. Estimated trial time;

   j. Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings;

   k. Whether the case is related to any other cases, including bankruptcy;

   l. Whether a settlement conference should be scheduled;

   m. Whether counsel will stipulate to the undersigned acting as settlement judge and waive disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge; and

   n. Any other matters that may add to the just and expeditious disposition of this matter.

   4.  Failing to obey Federal or Local Rules, or an order of this court, may result in dismissal of this action.

5. Counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. See L.R. 160. In addition, the parties are cautioned that pursuant to E.D. Cal. L.R. 230(c), opposition to granting of a motion must be filed fourteen (14) days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, E.D. Cal. L.R. 230(i) provides that failure to appear may be deemed withdrawal of the motion or of opposition to the motion, or may result in sanctions. Finally, E.D. Cal. L.R. 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

IT IS SO ORDERED.

DATED: September 14, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE